DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**J.K.,** the Mother,
Appellant,

v.

**STATE OF FLORIDA, DEPARTMENT OF CHILDREN AND FAMILIES,**
Appellee.

No. 4D17-1381

[December 20, 2017]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Jose Izquierdo, Judge; L.T. Case No. 10-005155DPA,B.

Sean Conway, Fort Lauderdale, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Carolyn Schwarz, Assistant Attorney General, Children's Legal Services, Fort Lauderdale, for appellee.

Matthew Wilson, Guardian Ad Litem Program, Sanford; and Beth Kathryn Roland, Pro Bono, Guardian Ad Litem Program, Friedman & Friedman, P.A., Lake Mary, for Guardian Ad Litem Program.

PER CURIAM.

J.K. appeals a final judgment of termination of parental rights and raises multiple arguments regarding the grounds upon which termination was based. We agree with J.K. on one ground, but otherwise affirm.

The trial court based termination in part on a finding that the petitioner had established grounds for termination under section 39.806(1)(j), Florida Statutes (2015), which provides for termination of parental rights where "[t]he parent or parents have a history of extensive, abusive, and chronic use of alcohol or a controlled substance which renders them incapable of caring for the child, and have refused or failed to complete available treatment for such use during the 3-year period immediately preceding the filing of the petition for termination of parental rights." J.K. argues that there was no evidence of her refusal or

failure to complete available treatment within the three-year period immediately preceding the filing of the petition. We agree.

The Department of Children and Families and the Guardian Ad Litem contend that an Aftercare/Family Support Plan filed with the court establishes that services were made available to J.K. But the record leaves it unclear whether anyone spoke to J.K. about the plan or otherwise communicated it to her. The plan is not signed by J.K., even though there is a space provided for her signature. Because there was no clear and convincing evidence that J.K. refused or failed to complete available treatment during the three-year period immediately preceding the filing of the petition, the trial court erred in basing termination on this ground. We remand for the trial court to amend the termination judgment to exclude section 39.806(1)(j) as a ground for termination.

*Affirmed in part, reversed in part, and remanded with directions.*

CIKLIN and KLINGENSMITH, JJ., and BELANGER, ROBERT E., Associate Judge, concur.

*      *      *

***Not final until disposition of timely filed motion for rehearing.***